**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAYMOND J. SWEENEY, on behalf of
himself; RISK ENTERPRISE
MANAGEMENT LIMITED, formerly
known as The Home Insurance
Company,
<u>Plaintiffs-Appellants,</u>

v.

ARTHUR R. MOORE; ALAN J.
CHERMAK; ROBERT D. CUSTER;

ROBERT J. FANNING; CLINTON O.
GOWAN, JR.; MATTHEW B.
HERNANDEZ; MARC E. LEBLANC;
CARL A. MOORE; RONALD J.
PALMERICK; BRUCE J. STOCKWELL;
SHEET METAL WORKERS NATIONAL
PENSION FUND,
<u>Defendants-Appellees.</u>

SECRETARY OF LABOR,
<u>Amicus Curiae.</u>

No. 96-1699

RAYMOND J. SWEENEY, on behalf of
himself; RISK ENTERPRISE
MANAGEMENT LIMITED, formerly
known as The Home Insurance
Company,
Plaintiffs-Appellees,

v.

ARTHUR R. MOORE; ALAN J.
CHERMAK; ROBERT D. CUSTER;

No. 96-1732

ROBERT J. FANNING; CLINTON O.
GOWAN, JR.; MATTHEW B.
HERNANDEZ; MARC E. LEBLANC;
CARL A. MOORE; RONALD J.
PALMERICK; BRUCE J. STOCKWELL;
SHEET METAL WORKERS NATIONAL
PENSION FUND,
Defendants-Appellants.

SECRETARY OF LABOR,
Amicus Curiae.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-140-A)

Argued: May 6, 1997

Decided: July 18, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
LEGG, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

2

**COUNSEL**

**ARGUED:** James J. McGuire, MAYER, BROWN & PLATT, New York, New York, for Appellants. William W. Carrier III, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellees. Elizabeth Hopkins, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Nicholas W. Lobenthal, MAYER, BROWN & PLATT, New York, New York, for Appellants. J. Hardin Marion, Lawrence J. Quinn, Jennifer C. Holmes, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellees. J. Davitt McAteer, Acting Solicitor of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

These appeals were taken from a Final Order issued by the United States District Court for the Eastern District of Virginia on April 9, 1996, denying Raymond J. Sweeney's motion for summary judgment and granting defendants' motion to dismiss. The trial court dismissed Counts I, II, and III of Mr. Sweeney's Complaint without prejudice, and it dismissed Counts IV, V, and VI with prejudice.

Mr. Sweeney filed an appeal on behalf of himself and his insurer, Risk Enterprise Management, Ltd. In his appeal, Mr. Sweeney contends that the trial court erred by holding that he is not a fiduciary of the Sheet Metal Workers' National Pension Fund ("Fund") and, therefore, not entitled to reimbursement of attorney's fees from the Fund.

Defendants filed a cross-appeal, contending that all claims should have been dismissed with prejudice.**1**

I.

This action arose from Mr. Sweeney's representation, in the late 1980s and early 1990s, of the Fund, which is an employee benefit plan regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. During that period, Fund chairman Edward J. Carlough, now deceased, squandered millions of Fund dollars bankrolling an extravagant personal lifestyle for himself and his girlfriend. Mr. Sweeney, Carlough's nephew, served as counsel to the Fund and to the two trustee committees that, inter alia, purchased a mansion and two private airplanes for Mr. Carlough's use. After Mr. Carlough's questionable expenditures were exposed, participants and trustees of the Fund filed lawsuits against several of the Fund's officials and attorneys, including Mr. Sweeney, to recover losses associated with these purchases.**2**

In the first lawsuit, Loonie v. Carlough et al. , Civil Action No. 93-1569A (E.D.Va.), a participant -- on behalf of the Fund -- sued Mr. Sweeney for breaching his alleged fiduciary duties to the Fund. The district court dismissed the action, finding: (i) that Mr. Sweeney was not a fiduciary, and (ii) that ERISA imposed no liability on non-fiduciaries. No appeal was taken.

In the second suit, Custer v. Sweeney, et al. , Civil Action No. 94-910A (E.D.Va.), a trustee -- again on behalf of the Fund -- sued Mr. Sweeney alleging breach of fiduciary duty. On September 30, 1994,

_____

**1** The trial court dismissed Counts I, II, and III without prejudice, allowing Mr. Sweeney to refile only if this Court, in the related case of Custer v. Sweeney, et al., Civil Action No. 94-910A (E.D.Va.), were to reverse the trial court and hold that Mr. Sweeney was a de facto fiduciary. Because this Court upheld the trial court's finding that Mr. Sweeney was not a fiduciary, Custer, 89 F.3d 1156 (4th Cir. 1996), this contingency can never come to pass. Accordingly, the basis for the Fund's cross-appeal is extinguished.
**2** On October 26, 1995, Mr. Sweeney pled guilty to making false statements in Fund documents in connection with his representation.

4

the trial court granted Mr. Sweeney's motion to dismiss, finding that "just being counsel to an ERISA plan" was not sufficient to establish fiduciary status. (J.A. 330). The court, however, dismissed the Complaint without prejudice, granting the Fund leave to amend if it could obtain additional facts to establish that Mr. Sweeney was a fiduciary.

The Fund subsequently filed an amended complaint in Custer alleging that Mr. Sweeney, based on his control of the questionable purchases, was a de facto fiduciary. Again, Mr. Sweeney argued that he was not a fiduciary. The district court dismissed the Fund's renewed fiduciary claims with prejudice, concluding that the attempt to plead Mr. Sweeney's fiduciary status was "at best hopeless or at worst contrived." (J.A. 340-41). The district court's decision was affirmed by this Court on appeal. Custer v. Sweeney, et al., 89 F.3d 1156, 1163 (4th Cir. 1996).[3]

In February 1996, Mr. Sweeney filed this action against the Fund and its trustees, seeking reimbursement for and advancement of attorneys' fees he incurred defending himself against these lawsuits. His six-count complaint raised two state law contract claims (Counts IV and VI) and four ERISA claims (Counts I, II, III, and V). In the ERISA claims, Mr. Sweeney alleges that defendants violated the Trust Agreement setting up the Fund and that the trustees breached a fiduciary duty owed to him.

In his motion for summary judgment, Mr. Sweeney relied upon a clause in the Trust Agreement providing that the Fund must advance and reimburse attorney's fees to its fiduciaries when they are sued in their fiduciary capacities. He claimed that, because the Fund had charged that he was a fiduciary in its prior suits, the Trust Agreement

_____

[3] In yet another action, Moore, et al. v. Sweeney, et al., Civil Action No. CL941029, currently pending in the Circuit Court of the City of Alexandria, Mr. Sweeney faces legal malpractice claims previously dismissed for lack of jurisdiction from the two federal cases, Loonie and Custer. This state court action was stayed pending the outcome of the Custer appeal, 89 F.3d 1156, and is now proceeding.

required the Fund to pay his legal bills unless and until a court determined that he had breached his fiduciary duties. **4**

In response, the Fund resisted Mr. Sweeney's motion for summary judgment and also moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Fund argued that Mr. Sweeney was not entitled to attorneys' fees because, in both Loonie and Custer, Mr. Sweeney had denied that he was a fiduciary, and the courts had entered judgment in his favor on that basis. The Fund also argued that, because its suits against Mr. Sweeney had alleged gross wrongdoing, paying his legal bills would violate various provisions of ERISA.

The district court denied Mr. Sweeney's motion for summary judgment and granted the Fund's motion to dismiss. The court found that the attorneys' fees provision of the Trust Agreement applied only to fiduciaries. It held that the central issue was whether Mr. Sweeney

_____

**4** Article IV, § 3p of the Trust Agreement reads:

> As permitted by law, when and if a legal proceeding, government investigation or suit of any kind or nature is instituted against one or more fiduciaries of the Fund, including, but not limited to, the Trustees or the person designated by the Trustees as the "Fund Administrator," in their individual capacities, arising out of their actions as fiduciaries or their service to the Fund, said fiduciary(ies) may hire local counsel approved by the Fund to represent them. In these circumstances, as permitted by law, said legal counsel will be compensated by the Fund for such representation until a final court decision or a final government agency decision if no court appeal is filed, finds that such fiduciary in his individual capacity (1) has breached his fiduciary obligations under ERISA; (2) by doing so has caused a loss to the Fund or has gained by use of Fund assets; and (3) is therefore liable in his individual capacity for damages or to return any profit occasioned by such breach to the Fund, complaining person, persons, entity, or entities. If the Fund expends money for counsel pursuant to this paragraph, and the individual liability described herein is so finally determined against one or more fiduciaries, each individual found liable shall reimburse the Fund for amounts expended for his counsel.

(J.A. 13).

6

was a fiduciary and, therefore, entitled to invoke the provision. Because Mr. Sweeney consistently had denied fiduciary status, and because all courts ruling on the issue uniformly had agreed with him, the district court concluded that Mr. Sweeney was not a fiduciary and thus not entitled to payment of his attorneys' fees.

Accordingly, the trial court dismissed without prejudice Mr. Sweeney's ERISA claims (Counts I, II, and III), subject to this Court's review in Custer, 89 F.3d 1156. The district court dismissed with prejudice Mr. Sweeney's state law claims (Counts IV and VI) as preempted by ERISA and his claim for fiduciary breach (Count V) on the ground that the Fund owed him no fiduciary duty. Mr. Sweeney filed this appeal to contest the dismissal of Counts I, II, and III.[5]

II.

In his appeal, Mr. Sweeney contends that the district court erred. He argues that each suit filed against him was authorized by the Fund, and that each suit alleged that he served as a fiduciary of the Fund. Mr. Sweeney argues that, by virtue of the plain Trust language, the Fund must pay his legal bills unless and until a judicial finding is made that he was engaged in wrongdoing.[6]

_____

[5] A district court's dismissal for failure to state a claim upon which relief may be granted is reviewed de novo. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 112 S. Ct. 1475 (1992)), cert. denied, 115 S.Ct. 1956 (1995).

[6] To support his argument, Mr. Sweeney argues by analogy from liability insurance cases. Insurance policies typically include clauses requiring the insurer to defend any lawsuit against the insured that is within the scope of the policy. Generally, the insurer's "duty to defend" is triggered by the facial allegations of the complaint rather than the insurer's assessment of the underlying facts. See Jenkins v. Montgomery Indus., Inc., 77 F.2d 740, 743-44 (4th Cir. 1996); Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 560-61 (4th Cir. 1994); Singer v. Black & Decker Corp., 964 F.2d 1449, 1452-53 (4th Cir. 1992); Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 992-94 (4th Cir.), cert. denied, 498 U.S. 982 (1990). By analogy, Mr. Sweeney contends that the Fund is obliged to pay his legal bills because, in each of its prior complaints, the Fund alleged that he was a fiduciary.

7

Mr. Sweeney does not dispute that the Trust Agreement limits advancement and reimbursement to fiduciaries. As plainly stated in section 3p of the Agreement, when a suit is instituted "against one or more fiduciaries of the Fund . . . arising out of their actions as fiduciaries . . . said fiduciary(ies)" may be reimbursed for legal expenses. (J.A. 13). As a threshold matter, therefore, this Court must determine whether Mr. Sweeney is a fiduciary.

Mr. Sweeney contends that the Fund should be bound by its repeated allegations that he is a fiduciary. The Court is unpersuaded by this argument. First, although in prior cases the Fund alleged that Mr. Sweeney was a fiduciary, he repeatedly denied this categorization. Second, even here, Mr. Sweeney's own complaint never alleges that he is a fiduciary. Third, the district and appellate courts considering the issue in Loonie and Custer uniformly concluded that Mr. Sweeney was not a fiduciary, entering judgment in his favor on that basis. Mr. Sweeney cannot deny that he is a fiduciary for purposes of liability yet now contend that he is a fiduciary for purposes of reimbursement. In sum, the Court finds that Mr. Sweeney has not met the threshold requirement for reimbursement and advancement of attorney's fees under the Trust Agreement.

Moreover, denying advancement does not threaten the underlying goals of ERISA. The Court disagrees with Mr. Sweeney's contention that a denial will encourage wasteful litigation and will discourage qualified individuals from providing professional services to pension plans. Mr. Sweeney was compensated for the legal services he provided to the Fund. There is no shortage of attorneys willing to perform this kind of legal work. Typically, professionals such as Mr.

_____

The Court finds this case law inapplicable in the ERISA context. The relationship between an insurer and insured is strikingly different from that of a Fund and its fiduciary. In the insurance context, the duty to defend arises in a private contract between the parties. Mr. Sweeney, however, was neither a party nor a third-party beneficiary to the Trust Agreement. Moreover, insurers are not subject to the complex federal regulations that govern pension funds, such as the duties to conserve plan assets, to prevent waste, and to limit expenditures to reasonable and prudent activities that are in the best interest of plan participants.

8

Sweeney can protect themselves from malpractice-type charges by purchasing professional liability insurance. Section 3p of the Trust Agreement was intended to protect fiduciaries such as trustees who are not compensated for their services.

Accordingly, this Court concludes that the district court did not err in finding that Mr. Sweeney was not a fiduciary and, therefore, was not entitled to reimbursement or advancement of attorneys' fees under the Trust Agreement.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED